(No. 10864.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BENJAMIN FINK, Plaintiff in Error.

*Opinion filed December 21, 1916.*

CRIMINAL LAW—*involuntary confession cannot be admitted as a part of the People's case in chief.* The admission in evidence, over the defendant's objection, of an involuntary confession of the crime charged is ground for reversal, where it is apparent from the record that the court admitted the confession as a part of the People's case in chief and not by way of rebuttal of anything testified to by the defendant.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ROBERT E. TURNEY, Judge, presiding.

CHARLES P. R. MACAULAY, and CHARLES E. ERBSTEIN, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and C. H. LINSCOTT, (EDWARD E. WILSON, and JOHN PRYSTALSKI, of counsel,) for the People.

Mr. JUSTICE COOKE delivered the opinion of the court:

Plaintiff in error, Benjamin Fink, and Frederick Buckminster, were convicted in the criminal court of Cook county on an indictment charging them with arson. Buckminster sued out a writ of error and the judgment against him was reversed. (*People* v. *Buckminster*, 274 Ill. 435.)

Fink has sued out this writ of error, and the cause is submitted on the same record as that presented in the *Buckminster case.*

The chief ground relied upon for reversal is the admission in evidence of an alleged confession by Fink, it being charged that the record discloses that this confession was involuntary and should not have been admitted. In the *Buckminster case* we held that Fink's confession must be classed as involuntary and not admissible against him as a part of the People's case in chief.

The alleged confession was first offered in evidence before the State had closed its case in chief. An objection was interposed to its admission in evidence, and the court announced that its ruling on the offer would be reserved until the following day. The People's case in chief was closed without any such ruling having been made. Fink took the stand in his own behalf. He had previously confessed to complicity in a large number of arsons which had been committed in the city of Chicago and had testified in a number of cases under a promise of immunity. His confession of complicity in those cases was made in writing to an assistant State's attorney of Cook county in the city of South Bend, Indiana. Thereafter, under an arrangement with the State's attorney's office, he went to the city of Chicago and testified in all the cases in which he had confessed complicity. Later, while in the city of Chicago, the alleged confession admitted in evidence in this case was procured from him by the same assistant State's attorney who had procured his confession at South Bend. During his direct examination Fink was asked concerning the conversations he had with the assistant State's attorney at South Bend and concerning subsequent conversations with him in the city of Chicago. He was not asked, during this examination, any question in reference to what transpired at the time this alleged confession was procured nor concerning anything contained in the alleged confession. During his di-

rect examination counsel for Fink was warned by the court that if he persisted in this line of examination the written confession would be admitted in evidence. Early in his cross-examination Fink, in answer to questions propounded by the State's attorney, stated that he had signed the alleged confession but that the assistant State's attorney had forced him to make the confession. Thereupon, and before proceeding further with Fink's cross-examination, the People offered the written confession in evidence and it was admitted over the objection of plaintiff in error. Fink was then cross-examined at length as to whether the several questions contained in the confession had been propounded to him, whether he had made the answers therein set down and whether such answers were true.

It is apparent that the court admitted the confession as evidence in chief and not as rebuttal of anything testified to by Fink. Had Fink, after denying that he had committed this arson, been cross-examined as to whether he had made, out of court, contradictory statements to the assistant State's attorney, and had this written confession or proof of his statements then been offered on behalf of the People by way of rebuttal, a different question would be presented. This procedure was not followed. The confession was not offered in rebuttal, and we are not called upon to determine whether a confession procured as this one was could be properly used to rebut the testimony of Fink that he had not committed the crime. As the statement was admitted against plaintiff in error as a part of the People's case in chief, its admissibility must be tested by the rules governing such evidence. The statement was a complete confession of the commission of the crime by Fink, and having been involuntary it was improperly admitted.

For this error the judgment of the criminal court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*